UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Angelo Ham, # 315014, <br> *aka Angelo Bernard Ham*, <br><br> Plaintiff, <br><br> v. <br><br> Nikki Haley; <br> Brian P. Stirling; <br> Dr. John B. Tomarchio, <br><br> Defendants. | C/A No. 6:13-3077-JMC-KFM <br><br><br><br> **Report and Recommendation** |

## *Background of this Case*

Plaintiff, Angelo Ham, is a prisoner at the Lee Correctional Institution. Plaintiff has submitted a Complaint (ECF No. 1) styled as Plaintiff's Memorandum of Law. Plaintiff challenges the charging of co-payments for medical services provided to prisoners by the South Carolina Department of Corrections. Plaintiff objects to a policy of the South Carolina Department of Corrections not to charge inmates for psychological or mental health treatment, but to charge inmates for non-psychological medical treatment. Plaintiff seeks a temporary restraining order against the Governor of South Carolina, the Director of Health Services for the South Carolina Department of Corrections, and a physician employed by the South Carolina Department of Corrections.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

Plaintiff's objections to paying a co-payment for medical services do not state a cognizable constitutional claim. *See Cabbagestalk v. Richstad*, Civil Action No. 3:09-1834-SB-JRM, 2009 WL 4040479, at *9 (D.S.C. Nov. 19, 2009) ("The charging of co-payments or fees for medical services is constitutional. Prisons and jails are allowed to impose co-payments for medical services *if they actually provide medical care to the prisoner.*"); *see also Clayton v. Ozmint*, Civil Action No. 2:10-0190-RBH, 2011 WL 380149, at *4 and nn. 1–2 (D.S.C. Feb. 2, 2011) (collecting cases and noting that co-payments are authorized under South Carolina statutory law); *cf.* the Federal Prisoner Health Care Copayment Act of 2000, 18 U.S.C. § 4048, which applies to *federal* prisoners. Moreover, the charging of medical co-payments does not constitute a violation of the Eighth or

Fourteenth Amendments. *Clayton v. Ozmint*, at *4 n. 2.  Hence, Plaintiff fails to state a valid claim under the Equal Protection or Due Process Clauses.

Plaintiff is not entitled to injunctive relief or a temporary restraining order.  In order to obtain injunctive relief, a plaintiff must establish:  (1) the likelihood that the plaintiff will succeed on the merits; (2)  the likelihood of irreparable harm to the plaintiff if the injunction is not granted; (3)  that the balance of equities tips in his or her favor; and (4) the injunction is in the public interest. *Winter v. Natural Res. Def. Counsel, Inc.*, 555 U.S. 7, 19–20 (2008); *see also Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 607 F.3d 355 (4th Cir. 2010)(*per curiam*) ("On further consideration, we now reissue Parts I and II of our earlier opinion in this case, 575 F.3d at 345–347, stating the facts and articulating the standard for the issuance of preliminary injunctions."), *reaffirming* prior decision reported at *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 345–47 (4th Cir. 2009), *cert. granted and judgment vacated*, 559 U.S. 1089 (2010).

Insofar as Plaintiff seeks a temporary restraining order, as a *pro se* litigant, Plaintiff cannot satisfy the "attorney certification" requirement for a temporary restraining order required under Rule 65(b)(1)(B) because Plaintiff is not an attorney admitted to practice before this Court. *See Demorcy v. Cook*, Civil Action No. 8:13-1494-JFA-JDA, 2013 WL 5332146, at *2 (D.S.C. Sept. 23, 2013).

Plaintiff has filed two motions subsequent to the docketing of the Complaint.  In his Motion for Relief from Judgment (ECF No. 13), Plaintiff seeks reinstatement of the so-called *Nelson* consent decree, which was entered in *Plyler v. Leeke*, Civil Action No. 3:82-876-2.  *See Plyler v. Leeke*, 1986 WL (D.S.C. Mar. 26, 1986), *aff'd in part and*

3

*dismissed in part*, *Plyler v. Leeke*, 804 F.2d 1251, 1986 U.S.App. LEXIS 33517 (4th Cir. Nov. 12, 1986) [Table].  The original representative for the class in Civil Action No. 3:82-876-2 was Gary Wayne Nelson.  Upon Mr. Nelson's release from the South Carolina Department of Corrections, Harry Plyler became the class representative.  See *Plyler v. Evatt*, 846 F.2d 208 (4th Cir. 1988).

The so-called "*Nelson*" consent decree was terminated on June 4, 1996, by the Honorable C. Weston Houck, Chief United States District Judge, pursuant to the defendants' motion under the Prison Litigation Reform Act.  The termination of the consent decree was affirmed on November 14, 1996, by the United States Court of Appeals for the Fourth Circuit in *Plyler v. Moore*, 100 F.3d 365 (4th Cir. 1996).

The doctrine of res judicata precludes this Court from reopening or reinstating the *Nelson* consent decree.  Res judicata bars litigation of all claims or defenses that were available to the parties in the previous litigation, regardless of whether they were asserted or determined in the prior proceeding. *See Brown v. Felsen*, 442 U.S. 127, 131 (1979) ("Res judicata thus encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes."), and *Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991) ("The preclusive affect of a prior judgment extends beyond claims or defenses actually presented in previous litigation, for '[n]ot only does res judicata bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'").

In his second motion (ECF No. 14), Plaintiff seeks to add a co-plaintiff, Thomas M. Fair, Jr., who was listed as a plaintiff in the caption of the original Complaint (ECF No. 1). Mr. Fair, however, did not sign the original Complaint, and the undersigned, in the order filed in this case on November 18, 2013, directed that the Clerk of Court terminate Mr. Fair as a plaintiff, pursuant to Fed. R. Civ. P. 11, because he did not sign the Complaint. Plaintiff Ham cannot represent Mr. Fair in this action, *see Hummer v. Dalton*, 657 F.2d 621, 625–26 (4th Cir. 1981) (suit is "confined to redress for violation of his own personal rights and not one by him as a knight-errant for all prisoners"), or any other prisoners. *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (a *pro se* prisoner cannot be an advocate for others in a class action).

### *Recommendation*

Accordingly, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process. It is also recommended that the district court deny Plaintiff's Motion for Relief from Judgment (ECF No. 13) and Plaintiff's motion to amend (ECF No. 14). Plaintiff's attention is directed to the important Notice on the next page.

December 16, 2013                                s/ Kevin F. McDonald
Greenville, South Carolina                       United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).