**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| Angelo Ham, ) | |
| ) | Civil Action No. 6:13-cv-03077-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| ) | |
| Nikki Haley, Brian P. Stirling, ) | |
| John B. Tomarchio, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Angelo Ham ("Plaintiff") filed this *pro se* Complaint alleging a violation of equal protection rights by Defendants Nikki Haley, Governor of South Carolina; Bryan P. Stirling, Director of the South Carolina Department of Corrections ("SCDC"); and John B. Tomarchio, SCDC Medical Director (collectively, "Defendants"). (ECF No. 1.) Plaintiff challenges the policy of the SCDC that charges inmates a co-payment for non-psychological medical treatment, but does not charge for psychological or mental health treatment, and seeks injunctive relief. This matter is before the court on Plaintiff's Motion for Relief from Judgment Under Rule 60(b)(5) and 60(b)(6) (ECF No. 13) and Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 14).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial handling. On December 16, 2013, the magistrate judge issued a Report and Recommendation ("Report") recommending the court summarily dismiss the Complaint without prejudice and deny Plaintiff's motions. (ECF No. 17.) This review considers Plaintiff's Objection(s) to the Report and Recommendation

1

("Objections"), filed January 3, 2014. (ECF No. 20.) For the reasons set forth herein, the court **ACCEPTS** in part and **REJECTS** in part the magistrate judge's Report. The court thereby **DENIES** Plaintiff's Motion for Relief from Judgment Under Rule 60(b)(5) and 60(b)(6) (ECF No. 13) and **GRANTS** Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 14) and remands the matter to the magistrate judge for further consideration.

## FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the magistrate judge's Report is accurate and the court adopts this summary as its own. However, a recitation of the relevant facts and procedural history is warranted.

Plaintiff is incarcerated at Lee Correctional Institution, within the SCDC. (ECF No. 1-2 at 1.) Plaintiff filed his Complaint on November 15, 2013, challenging South Carolina legislation that states, "The Department of Corrections shall be authorized to charge inmates a nominal fee for any medical treatment or consultation provided at the request of or initiated by the inmate. A nominal co-pay shall be charged for prescribed medications. Inmates shall not be charged for psychological or mental health visits." (ECF No. 1-2 at 1-2, *see*, *e.g.*, 2001 S.C. Acts 66, § 37.22) Plaintiff additionally challenges a policy stating, "No co-payment will be charged for certain medications. A list of these medications will be developed and maintained by the Division of Health Services and will include: medications used exclusively for the treatment of medical disorders." (ECF No. 1-3 at 1.) Plaintiff alleges these policies discriminate among similarly situated persons, namely inmates, by charging co-payments to one class—inmates with health conditions that are not psychological or mental health related—and not charging co-

payments to another—inmates with psychological or mental health conditions.  (ECF No. 1 at 2.)

On November 25, 2013, Plaintiff filed two motions.  The first, a Motion for Relief from Judgment Under Rule 60(b)(5) and 60(b)(6) (ECF No. 13), requests the court reinstate the "*Nelson* consent decree," which was entered in *Plyler v. Leeke*.  *See Plyler v. Leeke,* 1986 WL 84459 (D.S.C. March 26, 1986), *aff'd in part and dismissed in part; Plyler v. Leeke,* 804 F.2d 1251 (4th Cir. 1986).  Plaintiff's second motion requests leave to amend the Complaint to add inmate Thomas M. Fair, Jr., as a co-plaintiff.  (ECF No. 14.)  On December 16, 2013, the magistrate judge issued his Report recommending the court deny both of Plaintiff's motions and summarily dismiss Plaintiff's case without prejudice.  (ECF No. 17 at 5.)

In regard to Plaintiff's equal protection claim, the magistrate judge found that Plaintiff's Complaint did not state a cognizable constitutional claim, as charging inmates a co-payment for medical services has been ruled constitutional and did not constitute a violation of the Eighth or Fourteenth Amendments.  (*Id.* at 2-3.)  The magistrate judge also recommended denying injunctive relief to Plaintiff, as Plaintiff could not satisfy the "attorney certification" requirement under Fed. R. Civ. P. 65(b)(1)(B).  (*Id.* at 3.)  The magistrate judge recommended denying Plaintiff's Motion for Relief From Judgment, as reinstating the *Nelson* consent decree was precluded by the doctrine of res judicata, which bars litigation of all claims or defenses that were available to the parties in previous litigation.  (*Id.* at 4.)  Finally, the magistrate judge recommended denying Plaintiff's Motion to Amend, reasoning that the proposed co-plaintiff did not sign the original Complaint and that Plaintiff "cannot represent Mr. Fair in this action."  (*Id.* at 5.)

Plaintiff timely filed his Objections (ECF No. 20) on January 3, 2014.

## STANDARD OF REVIEW

The magistrate judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

Under the Equal Protection Clause of the Fourteenth Amendment, no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. This is "essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe,* 457 U.S. 202, 216 (1982)). "Unless a classification trammels fundamental personal rights or is drawn upon inherently suspect distinctions such as race, religion, or alienage, our decisions presume the constitutionality of the statutory discriminations and require only that the classification challenged be rationally related to a legitimate state interest." *City of New Orleans v. Dukes,* 427 U.S. 297, 303 (1976). Prisoners are not a suspect class for the purpose of equal protection analysis. *Roller v. Gunn,* 107 F.3d 227, 233 (4th Cir. 1997).

A party may amend its pleading, even after the time to amend as a matter of course has expired, when justice would require granting the request to amend. Fed. R. Civ. P. 15(a)(2). A motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile. *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir.

2008) (citing *HCMF Corp. v. Allen*, 238 F.3d 273, 276-77 (4th Cir. 2001)).  The decision to grant a party leave to amend rests within the sound discretion of the district court.  *Sandcrest Outpatient Servs., P.A. v. Cumberland Cnty. Hosp. Sys., Inc.*, 853 F.2d 1139, 1148 (4th Cir. 1988).  However, "it is well-settled that '[i]n the absence of any apparent or declared reason… the leave sought should, as the rules require, be freely given.'"  *National Bank of Washington v. Pearson*, 863 F.2d 322, 327 (4th Cir. 1988) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections.  Fed. R. Civ. P. 72(b).  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  If the plaintiff fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

## ANALYSIS

**Equal Protection**

Plaintiff objects to the magistrate judge's recommendation that his claim be summarily dismissed, arguing that he is not challenging the charging of co-payments to inmates in general, but challenging the charging of co-payments to some inmates and not to others. (ECF No. 20 at 1-2.)  The court agrees that Plaintiff is not simply arguing against the co-payment, but alleging

5

disparate treatment among similarly situated persons. As such, the court declines to follow the Report's recommendation to summarily dismiss this claim.

With the facts currently in the record, there is not enough information to rule on the merits of this claim. As Plaintiff's claim does not involve a suspect class, nor involve a "fundamental personal right," Defendants must only show the classification of prisoners regarding who is charged a medical co-payment and who is not is "rationally related to a legitimate state interest." *City of New Orleans,* 427 U.S. at 303; *See also*, *City of Cleburne,* 473 U.S. at 441-42. In order to make a determination on the merits of Plaintiff's claim, Defendants must articulate the state interest these policies purport to further. Until such information is in the record, summary dismissal of Plaintiff's claim is premature.

**Motion for Leave to File an Amended Complaint**

Plaintiff also objects to the magistrate judge's recommendation that Plaintiff's Motion to Amend his Complaint to add co-plaintiff Thomas M. Fair, Jr., be denied. (ECF No. 20 at 4-5.) Plaintiff claims he attempted to correct the error of omitting Mr. Fair's signature on the original Complaint "upon noticing the error." (*Id.* at 5.) Further, Plaintiff objects to the Report's reasoning that Plaintiff cannot represent Mr. Fair in this action, arguing he is not attempting to represent or advocate for Mr. Fair in this matter. (*Id.*)

A motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile. *Nourison Rug Corp.,* 535 F.3d at 298. Plaintiff filed his Motion to Amend just ten days after he filed the Complaint, which supports Plaintiff's claim he sought to correct his error as soon as he was aware of it. In addition, the original Complaint includes attached grievance forms filed by Mr. Fair registering the same complaint as Plaintiff (ECF No. 1-4 at 2-3), indicating Mr. Fair was an intended co-plaintiff at the outset.

Defendants have yet to file a response to Plaintiff's complaint, and therefore would not be prejudiced by a minor amendment to the Complaint at this juncture.  Further, Plaintiff does not seek to amend his Complaint to add any new allegations or claims, but only to add a co-plaintiff alleging the same facts and violations.  Finally, this amendment would not be futile, because, as discussed, Plaintiff's claim cannot yet be evaluated on the merits.  As such, the court declines to adopt the magistrate judge's recommendation that the Motion to Amend (ECF No. 14) be denied.

**Injunctive Relief and Motion for Relief from Judgment**

Plaintiff offers no objection to the portions of the Report recommending that Plaintiff is not entitled to injunctive relief and recommending denial of Plaintiff's Motion for Relief from Judgment Under Rule 60(b)(5) and 60(b)(6) (ECF No. 13).  In the absence of objections to the magistrate judge's Report, this court is not required to provide an explanation for adopting the recommendation.  *See Camby v. Davis,* 718 F.2d 198, 199 (4th Cir. 1983).  Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond,* 416 F.3d at 315.  Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation.  28 U.S.C. § 636(b)(1); *Thomas,* 474 U.S. 140; *Wright,* 766 F.2d 841; *Schronce,* 727 F.2d 91.  Therefore, after a thorough and careful review of the Report and the record regarding these issues, the court finds the Report provides an accurate summary of the facts and law and adopts the magistrate judge's recommendations.

**CONCLUSION**

Based on the aforementioned reasons and a thorough review of the Report of the magistrate judge and the record in this case, the court **ACCEPTS** in part and **REJECTS** in part the magistrate judge's Report. (ECF No. 17). It is therefore ordered that Plaintiff's Motion for Relief from Judgment Under Rule 60(b)(5) and 60(b)(6) (ECF No. 13) is **DENIED** and Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 14) is **GRANTED**. Therefore, Plaintiff should file his amended Complaint within fourteen (14) days or by September 30, 2014. The court remands this matter to the magistrate judge for further proceedings.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 16, 2014
Columbia, South Carolina