IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Angelo Ham and Thomas M. Fair, Jr., ) | |
| ) | Civil Action No. 6:13-3077-JMC-KFM |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| Nikki Haley, Brian P. Stirling, and ) | |
| John B. Tomarchio ) | |
| ) | |
| Defendants. ) | |
| ) | |

        This matter is before the court on the plaintiffs' motion to certify class (doc. 35). The plaintiffs, state prisoners proceeding *pro se*, seek relief pursuant to Title 42, United States Code, Section 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civ. Rule 73.02(B)(2)(d)(D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the district court.

        On October 10, 2014, the plaintiffs filed a motion to certify class (doc. 35). As this motion was filed prior to the defendants being served with the summons and complaint, the time period for response was extended until November 17, 2014. The defendants filed their response in opposition on November 14, 2014 (doc. 44).

        On July 23, 2015, the undersigned recommended that the district court grant the defendants' pending motion for summary judgment (doc. 57). Should the district court adopt that recommendation, the instant motion will be rendered moot. Should the district court deny the defendants' motion for summary judgment, the undersigned recommends that the plaintiffs' motion to certify class be denied for the reasons set forth below.

## BACKGROUND

The plaintiffs are currently inmates in the South Carolina Department of Corrections ("SCDC") at the Lee Correctional Institution in Bishopville, South Carolina. On November 15, 2013, plaintiff Ham submitted a complaint challenging the charging of co-payments for medical services provided to certain prisoners by the SCDC (doc. 1). After the undersigned issued an order requiring plaintiff Ham to bring the case into proper form, he filed a motion on November 25, 2013, for relief from judgment and a motion to amend the complaint to add Thomas M. Fair, Jr., as a co-plaintiff (docs. 9, 13, 14).

On December 16, 2013, the undersigned issued a report and recommendation ("report") recommending the district court summarily dismiss the complaint without prejudice and deny plaintiff Ham's motions (doc. 17). With respect to the plaintiff's equal protection claim, the undersigned found that the complaint did not state a cognizable constitutional claim because the policy of charging inmates a co-payment for medical services has been found constitutional under the Eighth and Fourteenth Amendments. The plaintiff filed objections to the report on January 3, 2014 (doc. 20).

On September 16, 2014, the district court issued an order accepting in part and rejecting in part the report (doc. 24). The district court denied the motion for relief from judgment and granted the motion to file an amended complaint. With respect to plaintiff Ham's equal protection claim, the district court agreed with the plaintiff that he was not challenging the medical co-payment policy in general, but rather challenging the charging of co-payments to some inmates and not to others. The district court found that with the facts currently in the record, there was not enough information to rule on the merits of the claim that the co-payment policy constituted disparate treatment among similarly situated persons.

Pursuant to the district court's order, the plaintiff filed an amended complaint on September 26, 2014, with plaintiff Fair listed in the caption (doc. 27, amended comp.).

2

In the amended complaint, the plaintiffs allege that South Carolina legislation inappropriately authorizes the SCDC to charge inmates a nominal fee for any medical treatment or consultation provided at the request of the inmate except for psychological or mental health visits. The plaintiffs also challenge an SCDC policy stating that no co-payment will be charged for certain medications, including medications used exclusively for the treatment of mental disorders. The plaintiffs contend that these policies and legislation discriminate among similarly situated persons, namely inmates, by charging co-payments to one group – inmates with health conditions that are not psychological or mental health related – and not charging co-payments to another – inmates with psychological or mental health conditions (*id.* at 3-4).

## APPLICABLE LAW AND ANALYSIS

Class certification is appropriate where the plaintiffs satisfy the four prerequisites of Federal Rule of Civil Procedure 23(a): numerosity, commonality, typicality, and adequacy of representation, as well as one or more of the three provisions of Rule 23(b). *Hunter v. Am. Gen. Life & Acc. Ins. Co.*, C.A. No. 3:01-5000-22, 2004 WL 5231631, at *4 (D.S.C. Dec. 2, 2004). As noted in *Gariety v. Grant Thornton, LLP*,:

> [W]hen a district court considers whether to certify a class action, it performs the public function of determining whether the representative parties should be allowed to prosecute the claims of absent class members. Were the court to defer to the representative parties on this responsibility by merely accepting their assertions, the court would be defaulting on the important responsibility conferred on the courts by Rule 23 of carefully determining the class action issues and supervising the conduct of any class action certified.

368 F.3d 356, 366-67 (4th Cir. 2004).

The requirements of Rule 23(a) are as follows:

**(a) Prerequisites.** One or more members of a class may sue or be sued as representative parties or on behalf of all members only if:

> (1) the class is so numerous that joinder of all members is impracticable,
>
> (2) there are questions of law or fact common to the class,
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Rule 23(b) further provides:

> **(b) Types of Class Actions**. A class action may be maintained if Rule 23(a) is satisfied and if:
>
> > (1) prosecuting separate actions by or against individual class members would create a risk of:
> >
> > > (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
> > >
> > > (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
> >
> > (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
> >
> > (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
> >
> > > (A) the class members' interests in individually controlling the prosecution or defense of separate actions;

> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b).

*Numerosity*

The only reference by the plaintiffs regarding the number of possible class members is their general statement that the amended complaint "applies to every prisoner that's [sic] confined in the [SCDC] who are and/or was being charged a medical co-payment for obtaining prescribed medications" (doc. 35 at 1). The plaintiffs leave the court to speculate as to the number of purported class members. The plaintiffs' motion further fails to include how many of the current inmates housed within SCDC have pending claims or even pending grievances regarding these policies and procedures. Based on the evidence available, it is impossible to determine whether the class is so numerous that joinder is impracticable as required by Rule 23(a)(1).

*Commonality*

In *Wal–Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541 (2011), the Supreme Court of the United States stated that "[c]ommonality requires Plaintiffs to demonstrate that the class members 'have suffered the same injury' ... not ... merely that they have all suffered a violation of the same provision of law." *Id.* at 2551 (citing *Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 157 (1982)). Thus, the plaintiffs' claims "must depend upon a common contention ... of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* " 'What matters to class certification .

. . [is] the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation.' " *Id*. (quoting Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U. L.Rev. 97, 132 (2009)).

In this case, the only common issue that appears to collectively attach to each purported class member stems from their receipt of medical care while incarcerated with SCDC. The defendants maintain that each inmate's medical and psychological history as well as their present medical complaints are individually evaluated for treatment before nominal co-payments are assessed. The plaintiffs' motion further illustrates this point by noting that they are not aware of the names or exact locations of inmates who would likely present a common claim for medical care requiring co-payments (doc. 35 at 1). As argued by the defendants, each medical evaluation is unique and specific for each individual and cannot be collectively applied in a "one-size-fits-all" category. Even assuming that the plaintiffs are arguing common questions of law that apply to each inmate– namely, that they are subject to the same SCDC procedures – this fails to meet the commonality prong because those procedures, as applied to each individual's medical history, are unique and must be examined individually.

*Typicality*

"Typicality requires that the claims of the named class representatives be typical of those of the class; 'a class representative must be part of the class and possess the same interest and suffer the same injury as the class members.' " *Lienhart v. Dryvit Systems, Inc.*, 255 F.3d 138, 146 (4th Cir. 2001) (quoting *General Tel. Co. of Southwest,* 457 U.S. at 156). The typicality requirement is not met in the current case as the factual scenarios, complaints, and arguments brought by the members of the purported class would be unique to each inmate. Even if the purported class members collectively attempt to argue that the policies and procedures used to assess a co-payment from SCDC inmates are somehow unconstitutional, the application of those policies and procedures requires

6

a unique evaluation of each inmate's medical history that cannot be universally applied to the entire inmate population as a whole. Furthermore, the alleged damages of the inmates housed within SCDC necessarily would be different. As argued by the defendants, inmate co-payments may differ based on the type of medication, the duration of the medication, the necessity for medication to one inmate over another, and the inmate's underlying medical history. It stands to reason that if the policies and procedures used for assessing co-payments are unconstitutional, then each inmate would be subject to the implementation of those procedures in a vast variety of different scenarios and for different durations, causing disparate damages to each individual.

### *Adequacy of Representation*

This requirement cannot be met as the plaintiffs are proceeding *pro se*. *Gevara v. Bennett*, 472 F. App'x 187, 187-88 (4th Cir. 2012) (affirming denial of motion to amend as futile where prisoner proceeding *pro se* wished to bring class action); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir.1975) ("[I]t is plain error to permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."). *See Williams v. Jones*, C.A. No. 9-cv-787-RMG-BM, 2014 WL 2155251, at *5 (D.S.C. May 22, 2014) ("[T]here is no 'lead attorney' in this case, or indeed any attorney at all, and it is well settled that this circuit does not certify a class where a *pro se* litigant or litigants are acting as representatives of that class.") (citation omitted).

### *Rule 23(b)*

The plaintiffs do not address the requirements of Rule 23(b). The defendants maintain that the plaintiffs also cannot meet the standards of Rule 23(b)(1) because: 1) the plaintiffs have not specifically identified nor are defendants aware of any inmates with similar claims, who may be part of a class for this litigation; 2) the nature of the plaintiffs' claims make it necessary to evaluate how SCDC policies and procedures are applied to the unique facts and circumstances of each possible claimant; and 3) due to the necessity for

individual evaluation, the adjudication of the plaintiffs' claims do not necessarily impair or impede the interests of other inmates (doc. 44 at 8). With respect to Rule 23(b)(2), the defendants reiterate their position that the application of SCDC policies and procedures requires analysis to the facts and circumstances surrounding each unique claimant, and no injunctive relief and/or declaratory judgment reached in the plaintiffs' case could or would be applicable to the unique circumstances involving each claimant (*id.*). The defendants offer the same arguments articulated above with respect to the scenarios presented in Rule 23(b)(3) (*id.*). As the plaintiffs cannot satisfy the prerequisites of Rule 23(a) and at least one of the provisions Rule 23(b), the motion to certify class should be denied.

## **CONCLUSION AND RECOMMENDATION**

Now, therefore, based upon the foregoing,

IT IS RECOMMENDED that the plaintiffs motion to certify class (doc. 35) be denied.

s/ Kevin F. McDonald  
United States Magistrate Judge

July 24, 2015  
Greenville, South Carolina

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4$_{th}$ Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).