IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Angelo Ham, a/k/a Angelo Bernard Ham, and Thomas M. Fair, Jr., <br><br> Plaintiffs, <br><br> v. <br><br> Nikki Haley, Brian P. Stirling, and John B. Tomarchio, <br><br> Defendants. | Civil Action No. 6:13-cv-03077-JMC <br><br> **ORDER** |

This matter is before the court on Defendants' Motion for Summary Judgment (ECF No. 57). Plaintiffs, state prisoners proceeding *pro se*, seek relief pursuant to 42 U.S.C. § 1983. (ECF No. 27.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) for the District of South Carolina, the matter was referred to United States Magistrate Judge Kevin F. McDonald for pretrial handling. On July 23, 2015, the Magistrate Judge issued a Report and Recommendation (the "Report") recommending that the court grant Defendants' Motion for Summary Judgment. (ECF No. 74.) Plaintiffs have filed an Objection to the Report. (ECF No. 79.) For the following reasons, the court **ADOPTS** the Report (ECF No. 74) and **GRANTS** Defendants' Motion for Summary Judgment (ECF No. 57).

**I.  JURISDICTION**

This court has jurisdiction over this matter pursuant to 42 U.S.C. § 1983, which provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured

1

by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs are currently inmates with the South Carolina Department of Corrections ("SCDC") at the Lee Correctional Institution in Bishopville, South Carolina. (ECF No. 27.) On November 15, 2013, Plaintiff Ham submitted this Complaint challenging SCDC's charging of co-payments for medical services provided to certain prisoners.[1] (ECF No. 1.) On December 16, 2013, the Magistrate Judge issued a Report and Recommendation recommending, *inter alia*, that the district court dismiss the Complaint without prejudice. (ECF No. 17.) The Magistrate Judge found that the Complaint did not state a cognizable equal protection claim because the policy of charging inmates a co-payment for medical services had been found constitutional under the Eighth and Fourteenth Amendment.

On September 16, 2014, the district court issued an Order accepting in part and rejecting in part the report. (ECF No. 24.) The district court agreed with Plaintiff Ham that he was not challenging the medical co-payment policy in general, but rather challenging the charging of co-payments to some inmates and not others. (Id. at 5-6 (adding that there was insufficient evidence to rule on the merits of the claim).) Because Plaintiff Ham's equal protection claim did not involve a suspect class or a fundamental right, the district court ruled that Defendants only had to establish that the inmate classifications regarding the charging of co-payments were rationally related to a legitimate state interest. (Id. at 6.)

Pursuant to the district court's Order, Plaintiffs filed an Amended Complaint on September 26, 2014. (ECF No. 27.) Plaintiffs' Amended Complaint alleges "that South Carolina

---

[1] On November 25, 2013, Plaintiff Ham filed a Motion to Amend Complaint to add Thomas M. Fair, Jr., as a co-Plaintiff. (ECF No. 14.) The Magistrate Judge recommended that Plaintiff Ham's Motion to Amend Complaint to add co-Plaintiff Fair be denied; however, the district court's Order declined to adopt this recommendation. (ECF No. 24 at 6-7.)

legislation inappropriately authorizes the SCDC to charge inmates a nominal fee for any medical treatment or consultation provided at the request of the inmate except for psychological or mental health visits." (ECF No. 74 at 3.) "[P]laintiffs also challenge an SCDC policy that no co-payment will be charged for certain medications, including medications used exclusively for the treatment of mental disorders." (Id. at 3-4 (indicating that Plaintiffs argue that these "policies and legislation discriminate among similarly situated persons, namely inmates," by charging co-payments to inmates with heath conditions that are not psychological or mental health related and not charging co-payments to inmates with psychological or mental health conditions).)

Thereafter, Defendants filed a Motion for Summary Judgment (ECF No. 57) and Plaintiffs filed a Response in Opposition (ECF No. 69).[2] The Magistrate Judge issued a Report recommending that Defendants' Motion for Summary Judgment be granted. (ECF No. 74). Plaintiffs filed an Objection. (ECF No. 79.)

### III. LEGAL STANDARD

*A. The Magistrate Judge's Report and Recommendation*

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court reviews *de novo* only

---

[2] As the Report correctly noted:

> "While the response is captioned as being on behalf of both plaintiffs, only plaintiff Ham signed the response (*see* doc. 69, resp. to m.s.j. at 11). "It is well settled that a *pro se* prisoner plaintiff may not represent another prisoner's legal interests." *Pitsenbarger v. Hutcheson*, C.A. No. 7:13-cv-206, 2013 WL 2181270, at *3 n.4 (W.D. Va. May 20, 2013) (citing *Hummer v. Dalton*, 657 F.2d 621, 625–626 (4th Cir. 1981) (a prisoner cannot act as a "knight-errant" for others); *Inmates v. Owens*, 561 F.2d 560, 562–563 (4th Cir. 1977) (one *pro se* inmate does not have standing to sue on behalf of another inmate)).

(ECF No. 74 at 2 n.1.)

those portions of a Magistrate Judge's recommendation to which specific objections are filed, and reviews those portions which are not objected to – including those portions to which only "general and conclusory" objections have been made – for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

 B. *Summary Judgment*

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. See Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248-49 (1986). In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. See Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990). "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 62 (4th Cir. 1995).

 C. *Equal Protection Clause*

Under the Equal Protection Clause of the Fourteenth Amendment, no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "Unless a classification trammels fundamental personal rights or is drawn upon inherently suspect distinctions such as race, religion, or alienage, our decisions presume the constitutionality of the statutory discriminations and require only that the classification challenged be rationally related to a legitimate state interest." City of New Orleans v. Dukes,

4

427 U.S. 297, 303 (1976). Prisoners are not a suspect class. See Wilkins v. Gaddy, 734 F.3d 344, 347-48 (4th Cir. 2013) (adding that rational basis review is "quite deferential").

  *D. SCDC Medical Co-Payment Policy*

  The South Carolina legislation at issue provides: "The Department of Corrections shall be authorized to charge inmates a nominal fee for any medical treatment or consultation provided at the request of or initiated by the inmate. Inmates shall not be charged for psychological or mental health visits." 2001 S.C. Acts 66, § 37.22. SCDC policy also specifies that "[n]o co-payment will be charged for certain medications. A list of these medications will be developed and maintained by the Division of Health Services and will include: medications used exclusively for the treatment of mental disorders . . . and selected medications which in SCDC are more frequently used to treat mental health disorders." (ECF No. 74 at 5 (quoting ECF 57-2, SCDC Policy HS-18.17, § 4.11).)

  The medical co-payment policy of SCDC implements "an inmate co-payment system for eligible medical care and consultation services initiated or requested by inmates, while at the same time ensuring that all inmates are provided the opportunity to receive necessary health care services regardless of their ability to pay." (Id. (citing HS-18.17, "Purpose").) The policy repeatedly recognizes that inmates should not be denied or refused access to health care services because of any inability to pay the medical co-payment fee. (Id. (citing HS-18.17, "Purpose," "Policy Statement," §§ 2.2, 3.3).)

  The medical co-payment policy exempts from the fee certain health care services and treatment, including:

> 1. Initial assessments during the reception and evaluation process, classification physicals, and transfer evaluations;
>
> 2. Diagnostic tests and dressing changes;

5

> 3. Immunizations, tuberculosis (TB) testing, and other selected treatments instituted/initiated by SCDC for public health reasons;
>
> 4. Infirmary care;
>
> 5. Psychological, mental health, and social work services, to include referrals to psychiatrists;
>
> 6. Lab work and x-rays;
>
> 7. Written referrals from one qualified health care provider to anther related to the initial medical problem;
>
> 8. Any clinical visits, to include chronic visits, initiated by the SCDC to monitor the stated disease process on a routine basis;
>
> 9. Hospice care; and
>
> 10. Medical procedures as a result of an injury the inmate sustained on the job.

(Id. at 6 (quoting HS-18.17, § 4).)

## IV.  ANALYSIS

### A.  *The Report and Recommendation*

Upon consideration of Defendants' Motion for Summary Judgment, the Magistrate Judge found that Defendants were entitled to summary judgment on Plaintiffs' claim for relief pursuant to § 1983.  At the outset, the Magistrate Judge acknowledged that the "charging of co-payments or fees to inmates by correctional institutions for medical services is constitutional and does not violate the Eighth or Fourteenth Amendment."  (ECF No. 74 at 6 (citation omitted).)  Because Plaintiffs' claim did not involve a suspect class or a "fundamental personal right," the Magistrate Judge concluded that Defendants must only demonstrate that the classification was rationally related to a legitimate state interest.  (Id. at 7 n.3.)  While acknowledging that the Eighth Amendment requires prison officials to provide humane conditions of confinement and ensure that inmates receive adequate medical care, the Magistrate Judge indicated that prison officials

6

also have the duty to protect inmates from violence and to take reasonable measures to protect an inmate with suicidal tendencies. (Id. at 9.) In determining that Defendants' co-payment policy was rationally related to a legitimate state interest, the Magistrate Judge stated:

> With research suggesting that proper treatment can foil violence by the mentally ill, the SCDC has not only an incentive, but a duty to ensure that those with mental health and psychological concerns receive treatment to protect themselves and other inmates from potential violence. Waiving the medical co-payment fee for mental health or psychological care furthers the interest of the SCDC in assuring that inmates in need of such treatment receive care.

(Id. (articulating state interest).)  In further support, the Magistrate Judge recognized that rehabilitation is one of the primary purposes and goals of incarceration and that the "waiver of the medical co-payment fee for such mental health or psychological treatment advances the rehabilitation goals of the SCDC." (Id. at 9-10.)

   B. *Plaintiffs' Objection*

Plaintiffs raise two objections to the Report. First, Plaintiffs object to the Report's determination that their claim does not involve a fundamental personal right. (ECF No. 79.) Plaintiffs maintain they have a fundamental right to funds that their family or loved ones send them and they have a fundamental right in being treated equally and in accordance with the law.[3] (Id.) Relying on S.C. Code Ann. § 24-13-80(B)(2) (2015), Plaintiffs maintain that they do not have to pay medical costs incurred as a result of injuries sustained by an inmate or other medically necessary treatment for which that inmate is determined not to be responsible.[4] (ECF

---

[3] Plaintiff Ham's initial Complaint stated that: "Plaintiff[] should be provided with an avenue such as state pay so that the Plaintiff[] could pay the medical co-pay instead of being forced to pay the medical co-pay with funds they receive from family members and/or loved ones . . . who have already been taxed for such purposes prior to them cashing their own checks, etc." (ECF No. 1 at 4.)

[4] Section 24-13-80(B) states that:

> B) The administrator or director, whichever is appropriate, may establish, by rules, criteria for a reasonable deduction from money credited to the account of an inmate to:

7

No. 79 at 3.) For their second argument, Plaintiffs appear to restate their first argument and also maintain that services must be available to all persons in like circumstances and that prison officials have a duty with respect to medical care and rehabilitation. (ECF No. 79 at 3-6.)

   C. *The Court's Review*

At the outset, the court observes that relying on § 24-13-80(B) Plaintiff Ham has previously filed a similar complaint and been denied. See <u>Ham v. Stirling</u>, No. 6:13–cv–03178–JMC, 2015 WL 1263063, at *1, *5 (D.S.C. Mar. 17, 2015) (denying Plaintiff Ham's claim that he was improperly charged a medical co-payment). Plaintiffs do not provide sufficient

---

      (1) repay the costs of:

          (a) public property wilfully damaged or destroyed by the inmate during his incarceration;

          (b) medical treatment for injuries inflicted by the inmate upon himself or others;

          (b) searching for and apprehending the inmate when he escapes or attempts to escape. The costs must be limited to those extraordinary costs incurred as a consequence of the escape; or

          (d) quelling a riot or other disturbance in which the inmate is unlawfully involved;

      (2) defray the costs paid by a municipality or county for medical services for an inmate, which have been requested by the inmate, if the deduction does not exceed five dollars for each occurrence of treatment received by the inmate. If the balance in an inmate's account is less than ten dollars, the fee must not be charged. However, a deficiency balance must be carried forward and, upon a deposit or credit being made to the inmate's account, any outstanding balance may be deducted from the account. This deficiency balance may be carried forward after release of the inmate and may be applied to the inmate's account in the event of subsequent arrests and incarcerations. This item does not apply to medical costs incurred as a result of injuries sustained by an inmate or other medically necessary treatment for which that inmate is determined not to be responsible.

8

information for the court to examine the application of § 24-13-80(B) to this Amended Complaint. Plaintiffs have not presented facts related to medical costs incurred as a result of injuries sustained by other inmates or any discussion of their account balances. See also Rouse v. Clarey, No. 4:14–cv–00726–JMC , 2015 WL 3903722, at *2 (D.S.C. June 25, 2015) ("Plaintiff is only entitled to *de novo* review of an objection if Plaintiff raises new arguments in respect to existing claims rather than raising new claims."). Finally, as for Plaintiffs' remaining objections regarding rehabilitation and the availability of medical services to all persons in like circumstances, the court observes that the Magistrate Judge acknowledged the goal of rehabilitation in the Report, discussed Defendants' medical care co-payment policy, and correctly determined that Defendants' policy classifications regarding which inmates were charged co-payments were rationally related to a legitimate state interest.

## V.  CONCLUSION

For the aforementioned reasons, the court **ADOPTS** the Report (ECF No. 74) and **GRANTS** Defendants' Motion for Summary Judgment (ECF No. 57).

**IT IS SO ORDERED.**

United States District Judge

September 15, 2015
Columbia, South Carolina

9